IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARTIN ADDO,

         Plaintiff,

-against-

THE CITY OF NEW YORK,
DETECTIVE GERARD SARDINA,
DETECTIVE JEREMY DEMARCO,
DETECTIVE ISAAC SHANNON, and
NYPD POLICE OFFICERS "JOHN DOES" 1-2,
SUPERVISING OFFICER(S)
"JOHN DOES" 1-4,

         Defendants.

-----------------------------------------------------------X

**15 CV 4104**

COMPLAINT

ECF CASE  JUDGE DANIELS

**Jury Trial Demanded**

Plaintiff MARTIN ADDO, by his attorney, DAVID A. THOMPSON, of Stecklow Cohen & Thompson, complaining of the defendants, respectfully alleges as follows:

**I.   PRELIMINARY STATEMENT**

1. On February 12, 2013, at approximately 5:30 PM, in the vicinity of 247 Midwood Avenue in Brooklyn, the plaintiff, Martin Addo, was attacked by two individuals who – unknown to Mr. Addo – were undercover NYPD officers. These individuals punched, pushed, battered and assaulted the plaintiff. These two officers, together with other NYPD officers, then arrested the plaintiff and falsely charged him with several misdemeanor crimes and violations. Mr. Addo was taken to the 71st precinct and held in custody there on these false charges. The plaintiff was taken to

1

Kings County Hospital for treatment of the injuries inflicted by these NYPD officers. While at the hospital, NYPD officers maintained custody of the plaintiff, who was kept in handcuffs and ankle chains. The plaintiff was taken to central booking at held there until approximately 7:30 PM on February 13, 2013. After appearing to defend himself many times over a period of more than a year, all charges against Mr. Addo were dismissed.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as other Constitutional provisions. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4).

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all state law claims and causes of action.

## IV. VENUE

4. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1391(b)(1) because the Defendant City of New York resides in this district.

## V. JURY DEMAND

5. Plaintiff respectfully demands a trial by jury for all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## VI. THE PARTIES

6. The City of New York ("City") is a municipal corporation organized and existing under the laws of the State of New York.

2

7. Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD").

8. At all times relevant to this action, Defendant DETECTIVE GERARD SARDINA was an officer of the NYPD, and was acting under the supervision of said department and within the scope of his/her official duties.

9. At all times relevant to this action, Defendant DETECTIVE JEREMY DEMARCO was an officer of the NYPD, and was acting under the supervision of said department and within the scope of his/her official duties.

10. At all times relevant to this action, Defendant DETECTIVE ISAAC SHANNON was an officer of the NYPD, and was acting under the supervision of said department and within the scope of his/her official duties.

11. At all times relevant to this action, Defendants NYPD POLICE OFFICERS "JOHN DOES" 1-2 were officers of the NYPD, and were acting under the supervision of said department and within the scope of his/her official duties.

12. At all times relevant to this action, Defendants SUPERVISING OFFICER(S) "JOHN DOE" 1-4 (together with Defendant Detective Gerard Sardina, Defendant Detective Jeremy DeMarco, Defendant Detective Isaac Shannon, and NYPD Police Officers "John Does" 1-2, the "DEFENDANT POLICE OFFICERS") were officers of the NYPD, and were each acting under the supervision of said department and within the scope of his/her official duties.

13. At all times relevant to this action, the Defendant Police Officers, either personally or through their subordinates, were acting under color of state law and/or pursuant to the rules, customs, usages and/or practices of the State or City of New York.

14. All claims against all defendants other than Defendant THE CITY OF NEW YORK are asserted against said defendants in both their individual and official capacities.

## VII. FACTS COMMON TO ALL CLAIMS

15. Plaintiff Martin Addo is an African American male.

16. On February 12, 2013, at approximately 5:30 PM, Martin Addo was in the vicinity of 247 Midwood Avenue, in Brooklyn.

17. An unmarked car backed up and nearly hit the plaintiff.

18. Martin Addo complained to the two individuals in the front seat of the car.

19. These individuals were dressed in ordinary street clothes.

20. These two individuals got out of the car and attacked the plaintiff.

21. At the time, the plaintiff had no idea who these attackers were.

22. The attackers did not identify themselves.

23. In particular, the attackers did not identify themselves as police officers.

24. The plaintiff subsequently learned that the two attackers were undercover police officers.

25. One of these attackers was Detective Gerard Sardina.

26. The other was Detective Jeremy DeMarco.

27. These individuals punched, pushed, battered and assaulted the plaintiff.

28. Other police officers arrived at the location.

29. These officers included Detective Isaac Shannon and NYPD POLICE OFFICERS "JOHN DOES" 1-2.

30. Martin Addo was then arrested by Detective Gerard Sardina, Detective Jeremy DeMarco, Detective Isaac Shannon and NYPD POLICE OFFICERS "JOHN DOES" 1-2.

31. Martin Addo was taken to the 71st precinct and held in custody there on false charges.

32. Defendants NYPD POLICE OFFICERS "JOHN DOES" 1-2 drove the van that took Martin Addo to the 75th precinct.

33. Defendants NYPD POLICE OFFICERS "JOHN DOES" 1-2 placed Martin Addo in the back of the van, handcuffed, and without a seatbelt.

34. Defendants NYPD POLICE OFFICERS "JOHN DOES" 1-2 drove in such a way that Martin Addo believed that the officers were attempting to make him fall off the bench where he had been placed.

35. Defendants NYPD POLICE OFFICERS "JOHN DOES" 1-2 kept the plaintiff in the van for about an hour, despite the fact that the plaintiff was arrested approximately five minutes away from the precinct.

36. The plaintiff was injured in his face, back and wrists.

37. The plaintiff was taken to Kings County Hospital for treatment of the injuries inflicted by these NYPD officers.

38. While at the hospital, NYPD officers maintained custody of the plaintiff, who was kept in handcuffs and ankle chains.

39. Later, Martin Addo was taken to central booking at held there until approximately 7:30 PM on February 13, 2013.

40. Detective Isaac Shannon filed a criminal complaint against Martin Addo, presenting a false account of the facts and circumstances of Martin Addo's conduct and arrest in the vicinity of 247 Midwood Avenue.

41. Detective Gerard Sardina made false statements of fact to Detective Isaac Shannon and to the Assistant District Attorney, presenting a false account of the facts and circumstances of Martin Addo's conduct and arrest in the vicinity of 247 Midwood Avenue.

42. As a result of the false criminal complaint filed by Detective Isaac Shannon, and the false statements made by Detective Gerard Sardina, Martin Addo was prosecuted for crimes he did not commit.

43. As a result of his arrest, Martin Addo was deprived of his liberty.

44. As a result of his prosecution, Martin Addo was deprived of his liberty.

45. Defendants Supervising Officer(s) "John Doe" 1-2 were supervisors charged with the supervision of the Defendant Police Officers on the day that the plaintiff was arrested and subjected to excessive force.

46. Defendants Supervising Officer(s) "John Doe" 3-4 were those supervisory officers charged with ensuring that the Defendant Police Officers were properly trained.

47. Defendant Gerard Sardina had been named as a defendant in at least three civil cases alleging unlawful arrest, excessive force, and malicious prosecution.

48. One of these suits was 09-cv-01189. The City of New York was aware of this suit, and answered and defended it on behalf of Gerard Sardina.

49. The City of New York paid damages on behalf of Gerard Sardina.

50. Another one of these suits was 11-cv-04107. The City of New York was aware of this suit, and answered and defended it on behalf of Gerard Sardina.

51. The City of New York paid damages on behalf of Gerard Sardina.

52. Another one of these suits was 12-cv-1367. The City of New York was aware of this suit, and answered and defended it on behalf of Gerard Sardina.

53. The City of New York paid damages on behalf of Gerard Sardina.

54. Defendant Jeremy DeMarco had been named as a defendant in at least seven civil cases alleging unlawful arrest, excessive force, and malicious prosecution.

55. Detective Jeremy DeMarco was also a defendant in the suit 12-cv-1367.

56. The City of New York was aware of this suit, and answered and defended it on behalf of Detective Jeremy DeMarco.

57. The City of New York paid damages on behalf of Detective Jeremy DeMarco.

58. Detective Jeremy DeMarco was a defendant in 05-cv-04850. The City of New York was aware of this suit, paid damages on behalf of Detective Jeremy DeMarco.

59. Another one of these suits was 08-cv-01293. The City of New York was aware of this suit, and answered and defended it on behalf of Detective Jeremy DeMarco.

60. The City of New York paid damages on behalf of Detective Jeremy DeMarco.

61. Another one of these suits was 08-cv-03756. The City of New York was aware of this suit, and answered and defended it on behalf of Detective Jeremy DeMarco.

62. The City of New York paid damages on behalf of Detective Jeremy DeMarco.

63. Another one of these suits was 11-cv-02900. The City of New York was aware of this suit, and defended it on behalf of Detective Jeremy DeMarco.

64. The City of New York paid damages on behalf of Detective Jeremy DeMarco.

65. Another one of these suits was 12-cv-00226. The City of New York was aware of this suit, and answered and defended it on behalf of Detective Jeremy DeMarco.

66. The City of New York paid damages on behalf of Detective Jeremy DeMarco.

67. Another one of these suits was 12-cv-05153. The City of New York was aware of this suit, and answered and defended it on behalf of Detective Jeremy DeMarco.

68. The City of New York paid damages on behalf of Detective Jeremy DeMarco.

69. Because of these suits, the City of New York and Supervising Officer(s) "John Doe" 1-4 were on notice that Detective Gerard Sardina required further training and supervision.

70. Because of these suits, the City of New York and Supervising Officer(s) "John Doe" 1-4 were on notice that Detective Jeremy DeMarco required further training and supervision.

71. The City of New York and Supervising Officer(s) "John Doe" 1-4 failed to provide adequate training and supervision.

72. On the date of the incident, the City of New York and Supervising Officer(s) "John Doe" 1-2 failed to adequately supervise and control Defendant Detective

8

Gerard Sardina, Defendant Detective Jeremy DeMarco, Defendant Detective Isaac Shannon, and NYPD Police Officers John Does 1-2.

73. The plaintiff suffered physical pain, mental and emotional pain, anguish and fear.

74. These injuries were caused the intentional, reckless, and negligent acts of the City of New York, its agents and employees.

75. In negligently hiring, training and/or supervising the aforementioned officers, and in all other ways, the City of New York, its agents servants, and employees were negligent, careless and reckless.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

76. The plaintiff restates all allegations of this Complaint herein.

77. Defendant The City of New York and its agents, including but not limited to the Defendant Police Officers (collectively, "Defendants") deprived the plaintiff, Martin Addo, of his rights guaranteed by Fourth and Fourteenth Amendments to the Constitution, as well as other Constitutional provisions.

78. All of the aforementioned acts of the Defendants were carried out under the color of state law.

79. The acts of the Defendant Police Officers were carried out in their capacities as officers of the NYPD.

80. The acts were carried out by the Defendant Police Officers in their capacities as officers of the NYPD pursuant to the customs, usages, practices, procedures, and the rules of Defendant The City of New York and the NYPD, all under the supervision of ranking officers of said department.

9

81. As a result, plaintiff suffered personal injuries, loss of liberty, emotional distress, damage to reputation, humiliation, and other harms.

82. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF

## FALSE ARREST

83. The plaintiff restates all allegations of this Complaint herein.

84. The plaintiff was arrested by the defendants without a warrant and without probable cause.

85. The plaintiff was confined and deprived of his liberty by the Defendants.

86. The plaintiff was conscious of his confinement.

87. As a result, plaintiff suffered personal injuries, loss of liberty, emotional distress, damage to reputation, humiliation, and other harms.

88. As a result of Defendants' conduct, the plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF

## EXCESSIVE FORCE

89. The plaintiff restates all allegations of this Complaint herein.

90. Without having reasonable cause to do so, Defendant Police Officers used excessive force on the plaintiff.

91. As a result, plaintiff suffered personal injuries, emotional distress, humiliation, loss of liberty, and other harm.

92. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF

## MALICIOUS PROSECUTION

93. The plaintiff restates all allegations of this Complaint herein.

94. The Defendants arrested the plaintiff and initiation or continuation of a criminal proceeding against him without probable cause to do so.

95. The criminal proceeding terminated in the plaintiff's favor.

96. The Defendants were motivated by actual malice.

97. As a result, plaintiff suffered personal injuries, loss of liberty, emotional distress, damage to reputation, humiliation, and other harms.

98. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FIFTH CLAIM FOR RELIEF

## NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

99. The plaintiff restates all allegations of this Complaint herein.

100. The Defendant Police Officers were employed by Defendant The City of New York.

101. The conduct of the Defendant Police Officers also reflects that the City of New York failed to train these officers, and/or failed to supervise these officers to ensure that their training was followed.

102. The long history of successful lawsuits against Detective Jeremy DeMarco and Detective Gerard Sardina placed the City of New York and the individual Supervising Officer(s) "John Doe" 1-4 on notice that these officers, in particular, required further training, and additional supervision, and that the civil rights of innocent individuals were likely to be violated if such supervision and training were not provided.

103. The long history of successful lawsuits against Detective Jeremy DeMarco and Detective Gerard Sardina placed the City of New York and the individual Supervising Officer(s) "John Doe" 1-4 on notice that these officers, in particular, should not have been hired by the NYPD, and should not have been retained as employees by the NYPD.

104. The City of New York and the individual Supervising Officer(s) "John Doe" 1-4 who were in a supervisory position to do so, negligently failed to effectively train or supervise the other individual Defendant Officers who failed to intervene in the assault on the plaintiff, and/or who participated in or condoned the bringing of false criminal and administrative charges against the plaintiff.

105. As a result, plaintiff suffered personal injuries, loss of liberty, emotional distress, damage to reputation, humiliation, and other harms.

106. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SIXTH CLAIM FOR RELIEF

## FAILURE TO INTERVENE

107. The plaintiff restates all allegations of this Complaint herein.

108. Each of the individual Defendant Police Officers had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

109. Each of the individual Defendant Police Officers chose not to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having had realistic opportunities to do so.

110. Each of the individual Defendant Police Officers chose not to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having

substantially contributed to the circumstances within which the plaintiff's rights were violated by their affirmative conduct.

111. As a result, plaintiff suffered personal injuries, loss of liberty, emotional distress, damage to reputation, humiliation, and other harms.

112. As a result of Defendants' conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be proper and in the interests of justice.

DATED:    New York, New York
          May 27, 2015

Respectfully submitted,

DAVID A. THOMPSON, ESQ. [DT 3991]
Stecklow Cohen & Thompson
217 Centre Street, 6th Floor
New York, N.Y. 10013
Phone: (212) 566-8000
Fax:   (212) 202-4952

13