UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARTIN ADDO,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE GERARD SARDINA, DETECTIVE JEREMY DEMARCO, DETECTIVE ISAAC SHANNON, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious , as the true names are presently unknown),

                                      Defendants.

**ANSWER TO THE COMPLAINT**

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York, Detective Gerard Sardina, Detective Jeremy DeMarco, and Detective Isaac Shannon by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except state that Martin Addo was arrested on February 12, 2013.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. State that the allegations set forth in paragraph "5" of the complaint are not averments of fact that require a response.

6. Admit the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except state that Detective Gerard Sardina is employed by the NYPD.

9. Deny the allegations set forth in paragraph "9" of the complaint, except state that Detective Jeremy DeMarco is employed by the NYPD.

10. Deny the allegations set forth in paragraph "10" of the complaint, except state that Detective Isaac Shannon is employed by the NYPD.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. State that the allegations set forth in paragraph "13" of the complaint are legal conclusions to which no response is required; to the extent a response may be required, deny all such allegations.

14. State that the allegations set forth in paragraph "14" of the complaint are legal conclusions to which no response is required; to the extent a response may be required, deny all such allegations.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except state that Detective Gerard Sardina was one of the officers who arrested plaintiff on February 12, 2013.

26. Deny the allegations set forth in paragraph "26" of the complaint, except state that Detective Jeremy DeMarco was one of the officers who arrested plaintiff on February 12, 2013.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Admit the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, except state that plaintiff was transported to the 75th Precinct.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint except state that plaintiff was taken to Kings County Hospital.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint except state that plaintiff was released on his own recognizance at or about 7:13 pm on February 13, 2013.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint and refer the Court to the civil docket sheets of the cases described for a complete statement of the pleadings and other papers filed in those cases.

48. Deny the allegations set forth in paragraph "48" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

52. Deny the allegations set forth in paragraph "52" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint, and refer the Court to the civil docket sheets of the cases described for a complete statement of the pleadings and other papers filed in those cases.

55. Deny the allegations set forth in paragraph "55" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

56. Deny the allegations set forth in paragraph "56" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint, and refer the Court to the civil docket sheet of the case described for a complete statement of the pleadings and other papers filed in that case.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. In response to the allegations set forth in paragraph "83" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. In response to the allegations set forth in paragraph "93" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. In response to the allegations set forth in paragraph "99" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

100. Admit the allegations set forth in paragraph "100" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported "John Doe" officers.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. In response to the allegations set forth in paragraph "107" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants City, Sardina, DeMarco, or Shannon.

### THIRD AFFIRMATIVE DEFENSE:

Plaintiff provoked any incident.

### FOURTH AFFIRMATIVE DEFENSE:

There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### FIFTH AFFIRMATIVE DEFENSE:

There was probable cause for plaintiff's arrest, detention, and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

Defendants City, Sardina, DeMarco, and Shannon have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### SEVENTH AFFIRMATIVE DEFENSE:

Defendants Sardina, DeMarco, and Shannon have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

### NINTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the complaint, defendants Sardina, DeMarco, and Shannon acted reasonably in the proper and lawful exercise of their discretion.

### ELEVENTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be assessed against defendant City of New York.

### TWELFTH AFFIRMATIVE DEFENSE:

Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendants City of New York, Gerard Sardina, Jeremy DeMarco, and Isaac Shannon request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 13, 2015

    ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, Gerard Sardina, Jeremy DeMarco, and Isaac Shannon*
100 Church Street, Room 3-160
New York, New York 10007
(212) 356-2572

By:                /s/
Angharad K. Wilson
Assistant Corporation Counsel

cc: BY ECF
David A. Thompson, Esq.
Stecklow Cohen & Thompson
217 Centre Street, 6th Floor
New York, NY 10013
Phone: (212) 566-8000
Fax: (212) 202-4952

1:15-cv-05446-ILG-VVP

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| MARTIN ADDO,<br><br>                                                 Plaintiff,<br><br>                     -against-<br><br>THE CITY OF NEW YORK, DETECTIVE GERARD SARDINA, DETECTIVE JEREMY DEMARCO, DETECTIVE ISAAC SHANNON, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious , as the true names are presently unknown),<br><br>                                              Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel:*<br>*Tel:  212-356-2572*<br>*Law Manager No. 2015-024537* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ........................ October 13, 2015*<br><br>*......................................Angharad K. Wilson Esq.*<br><br>*Attorney for Defendants........................................* |